## (November 23, 1971)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. OSCAR SWIFT, Respondent.— Order of Supreme Court, Bronx County, entered October 29, 1970, which granted the defendant's motion to suppress incriminating statements at his trial, unanimously modified, on the law and on the facts, and the motion to suppress denied as to the second statement. Defendant was arrested for allegedly causing the death of his common-law wife and, by indictment, charged with manslaughter in the second degree (Penal Law, § 125.15, subd. 1). He made incriminating statements on two occasions, and a *Huntley* hearing was held resulting in the suppression of both statements. On the late night of August 3, 1968, three detectives arrived to find the defendant and two uniformed policemen

in the defendant's apartment. The body of the woman had no visible wounds, but the detectives learned that she had apparently died from other than natural causes. Without giving any of the *Miranda* warnings, two of the detectives asked some questions and received a reply that the door had been locked from the inside. They stopped the questioning, and the defendant was informed that he need not respond further and could call a lawyer at the station house. It was the locked door reply that made the detective suspicious of the defendant, because it eliminated the possibility of an intruder. While they were still in the apartment, the defendant's brother and sister arrived, having earlier been called by the defendant before he called the police. They were not permitted to talk to their brother, but it is contended that the arriving brother shouted not to answer questions and "I'll get you a lawyer". The People, for the purposes of this appeal, concede that the aforesaid first statement should be suppressed. At the station house (42nd Precinct) the next early morning, defendant was told he was a prime suspect in what looked like a criminal homicide, and he was read a Police Department mimeographed form used to advise defendants of their constitutional rights. He was told that he could remain silent and have an attorney present during further questioning. He stated he had a lawyer (and the relatives earlier had told the detectives that he had a lawyer), and he also stated that he understood the situation when told that he could remain silent until he had an opportunity to consult the lawyer. It is contended that he answered questions stating that he did not need his lawyer and would see him next day in court. He then made inculpatory statements, and it is this second statement which was suppressed. The question we have is whether knowledge by the police that there is a family lawyer or that one will be retained for the court appearance, interdicts interrogation, or whether the lawyer must actually be retained or be in communication with the defendant. There is no problem here as to the voluntariness of the statement or the adequacy of the advice to the defendant as to his rights. It has been determined that only after an attorney has entered the proceeding, can there be violation of the right to counsel by the interrogation leading to an inculpatory statement, thus warranting its suppression. (*People* v. *Taylor,* 27 N Y 2d 327; *People* v. *Hetherington,* 27 N Y 2d 242.) Concur — Markewich, J. P., Kupferman, Murphy, McNally and Tilzer, JJ.